21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jacqueline GORDON and George Gordon, Plaintiffs-Appellants,
v.
Teresa STANLEY; Tulsa County Jail; Stanley Glanz, Sheriff;
Bill Reeves, Captain; Donald Cherry, Lieutenant; Red
Wakefield, Lieutenant; Robbie Moore, Nurse; Bill Thompson,
Undersheriff; Jane Cook, Matron; Denise Conley, Matron;
Dr. Ronald Barnes; Ed Smittle, Sergeant; Lance Ransey,
Deputy; Deputy Hlyton; Vent Jeffries, Deputy; Phillip
Adams, Deputy; Jack Seales, Lieutenant; Joe Wagner,
Sergeant; Jim Helms; Ernestine Turwell, Deputy; John Does
A through E, Defendants-Appellees.
 No. 93-8120.
 United States Court of Appeals, Tenth Circuit.
 April 4, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 SEYMOUR
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ms. Jacqueline Gordon and her husband, George Gordon, brought this pro se action alleging that during two separate arrests of Ms. Gordon, various defendants associated with the City of Tulsa violated her federal civil rights. Ms. Gordon's claims against the Tulsa County Jail and the other defendants include: infliction of cruel and unusual punishment, sexual harassment, false imprisonment, deliberate indifference to medical needs, genocide, denial of equal protection and due process under the law, denial of religious free exercise, religious discrimination, racial discrimination and violations of federal prison standards. Mr. Gordon claims that these violations resulted in a loss of consortium. Following a non-jury trial, the district court judge made extensive findings of fact and conclusions of law. Based on these findings and conclusions, the court dismissed all of the Gordons' claims.
 
 
 3
 On appeal, the Gordons argue that the district court erred in its assessment of the facts and application of the law. They do not include in the record on appeal any portion of the trial transcript. Under Fed. R.App. P. Rule 10(b)(2), "[i]f an appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding." When an appellant does not designate a trial transcript "as part of the record on appeal, an appellate court cannot review the district court's factual findings and must accept them as correct." Trujillo v. Grand Junction Regional Center, 928 F.2d 973, 976 (10th Cir.1991).
 
 
 4
 Indigent appellants proceeding in forma pauperis may obtain a transcript of district court proceedings in accordance with 28 U.S.C. 753(f) if they can show that a substantial question is at issue. The Gordons did not proceed in forma pauperis, however, nor did they make any request for a transcript. Because the Gordons did not file a transcript as part of the record on appeal, they waive any "claims concerning the sufficiency of the evidence." United States v. Vasquez, 985 F.2d 491, 495 (10th Cir.1993).
 
 
 5
 We review de novo the Gordon's claim that the district court erred in applying the law to the findings of fact. After thoroughly reviewing the briefs and the record in this case, we conclude that the district court applied the proper law. We AFFIRM the judgment substantially for the reasons stated in the district court's opinion.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470